IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JOHNNY LEE FRENCH, :
:
       Petitioner, :
:
       VS. : 1 : 08-CV-30 (WLS)
:
RANDY TILLMAN, Warden, :
:
       Respondent. :

**RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 Dougherty County guilty plea convictions for felony murder and aggravated assault. (Doc. 2). Following the entry of his guilty pleas on January 5, 2004, Petitioner was sentenced to serve life plus twenty (20) years. Petitioner did not file a direct appeal of his convictions. However, Petitioner did file a state habeas petition on December 27, 2004 in the Superior Court of Ware County. Following an evidentiary hearing, the state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on January 8, 2008. Petitioner's Motion for Reconsideration of this denial was denied on February 11, 2008. Petitioner filed this federal habeas petition on February 22, 2008.

**Factual Background**

The factual basis for Petitioner's guilty plea was set forth by the prosecutor at Petitioner's plea hearing as follows:

> [T]he State could expect the evidence to show that on or about March 16th and March 17th, 2003, here in Albany, Dougherty County, at Mabry Motel, room 130, off of Slappey Boulevard, the defendant, as well as Kadetris

> Johnson, his girlfriend, were living there. Kadetris Johnson had a young child named Koryntheas Shenaurd Johnson, who was six months old.
>
> The defendant was left to care with [sic] the child. During the period of time he was left with the child, which was about 15 minutes, he caused significant and serious injury to the child's head, actually breaking and causing fractures to the skull, numerous abrasions to the head. He also squeezed the child . . . with such force that it actually lacerated the child's liver, causing internal bleeding, which was the ultimate cause of death.
>
> All these findings were verified by Dr. Clark with the GBI crime lab.
>
> Subsequent to these findings, the defendant also made various admissions to Investigator Carmelita Preston after he was Mirandized.

(Doc. 7, Exh. 2, pp. 2-3.)

## **Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 1522. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 120 S. Ct. at 1520).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 120 S. Ct. at 1519; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d)(1).

## **Petitioner's Habeas Claims**

In his Petition for federal habeas relief, the Petitioner sets forth the following four grounds for relief: 1) guilty plea entered unknowingly and unintelligently; 2) misrepresentations in the plea hearing transcript as relied upon by the state habeas court; 3) ineffective assistance of

3

counsel; 4) illegal conviction.

*Procedurally defaulted grounds*

Initially, the Respondent asserts that Grounds 3 and 4, identified by the Petitioner as raising claims of ineffective assistance of counsel and illegal conviction, are procedurally defaulted. Counsel for the Respondent asserts that these claims are procedurally defaulted under Georgia's successive petition rule, as Petitioner did not raise these claims in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective

4

factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise the issues presented in Grounds 3 or 4 in the state proceedings below, rendering the grounds procedurally defaulted. Petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue. The Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

*Failure to state a claim*

The Respondent maintains that Ground 2 in this federal habeas petition fails to raise a valid ground for federal habeas relief. This ground, based on alleged misrepresentations in the guilty plea transcript and documents as conveyed to and relied upon by the state habeas court, fails to state a claim for federal habeas relief, as alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.") Accordingly, this ground will not support the granting of the writ herein.

*Guilty plea*

In Ground 1, the Petitioner alleges that his guilty plea was unknowingly and unintelligently entered. Specifically, the Petitioner asserts that:

> [t]he guilty pleas were accepted by the Court during a hearing on indictment # 02R-1044 but the convictions were entered on indictment #03R-1244. Neither of these indictments were read in open court or tendered as evidence. The record demonstrates that defense counsel only "advised" defendant of the charges against

> him. No one ever explained the nature and elements of the charges and specifically, the element of criminal intent regarding the underlying felony of aggravated assault was not explained to defendant . . . Defendant did not know he was subject to a mandatory life sentence.

(Doc. 2, pp. 5, 15).

"To be valid, a guilty plea must be made voluntarily and with full knowledge of the consequences." *Pardue v. Burton*, 26 F.3d 1093, 1096 (11th Cir. 1994) (citing *Boykin v. Alabama*, 395 U.S. 238, 241-42 (1969)). "Voluntariness implicates '[i]gnorance, incomprehension,' and 'inducements' as well as 'coercion, terror' and 'threats'". *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (quoting *Boykin*, 395 U.S. at 242-43). In order for a defendant to enter a valid guilty plea, he "'must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available.'" *Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991) (quoting *LoConte v. Dugger*, 847 F.2d 745, 751(11th Cir. 1988)). There is a strong presumption that the statements made by a petitioner/defendant during a guilty plea colloquy are true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 (11th Cir. 1987).

In regard to the voluntariness of the Petitioner's guilty plea, the state habeas court found that:

> [a]t the guilty plea hearing, the prosecutor announced that the indictment number was 02R1044, but listed all of the charges included in the subsequent indictment, 03R1244, on which the court was actually proceeding. . . . Petitioner stated under oath that he understood that he could be sentenced to life imprisonment for the offense of felony murder, and to an additional 20 years in prison for the offense of aggravated assault. Petitioner stated that he understood that he was waiving his right to a trial by jury, right to presumption of innocence, right against self-incrimination, and right

6

to confront witnesses against him. Petitioner then pled guilty to the
charges.

Petitioner signed the advice and waiver of rights form, which had
the correct indictment number, 03R1244, and indicated that he
understood his rights and that he was waiving them by pleading
guilty. He also indicated that he understood what he was charged
with, and referenced the charges listed at the top of the form: malice
murder, three counts of felony murder, three counts of cruelty to
children, two counts of aggravated battery, and one count of
aggravated assault.

The state habeas court discussed the constitutional prerequisites of a valid guilty plea under *Boykin* and then found that:

[h]ere, both the guilty plea transcript and the "advice and waiver of
rights" form show that Petitioner's plea was knowingly and
voluntarily entered. He understood the charges against him and
voluntarily waived his rights. Petitioner stated affirmatively at the
guilty plea hearing that he was giving up his rights, and on the
waiver of rights form, he indicated that he understood all of the
charges against him, voluntarily waived his rights and affirmed that
he was satisfied with the services of his lawyer. The fact that the
prosecutor misspoke when he was identifying the indictment
number at the beginning of the plea hearing is irrelevant; it is clear
that the court was proceeding on the ten-count indictment.
Moreover, the waiver of rights form listed the correct indictment
number and all ten charges. Petitioner clearly knew all of the crimes
with which he was charged.

The trial court was not required to explain all of the charges or all of
the elements of each crime on the record. . . . The contentions
Petitioner makes in his brief, that the court failed to establish a
complete factual basis to accept the pleas, that the trial judge
intervened in the plea negotiations, that the state failed to fully
disclose the plea agreement, and that Petitioner was not informed of
his right to withdraw the guilty plea, are completely unsubstantiated
by the record.
. . .
Ground one and amended ground one lack merit.

(Doc. 7, Exh. 2, pp. 3- 8).

The state habeas court's decision reveals that its conclusions regarding the voluntariness of the Petitioner's guilty plea were neither contrary to nor an unreasonable application of clearly established United States Supreme Court precedent. The court reviewed the guilty plea under the dictates of *Boykin v. Alabama*, the clearly established law in this area, and concluded that the Petitioner entered his guilty plea freely, knowingly, and intelligently. The state habeas court also reviewed the sufficiency of the factual basis underlying the guilty pleas, and concluded that the Petitioner understood that by entering the guilty plea, he was admitting to the facts as alleged by the state, and that under these facts, there was a sufficient factual basis for the Petitioner's guilty pleas. The state habeas court specifically noted that "[t]he trial court was not required to explain all of the charges or all of the elements of each crime on the record." (Doc. 7, Exh. 2, p. 7). "The Supreme Court has stated that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Thus, it appearing that the state habeas court's analysis of the Petitioner's guilty plea was neither contrary to nor an unreasonable application of federal law, and that the state habeas court did not issue an unreasonable determination of the facts, this Court is prohibited from issuing habeas relief on the basis of the Petitioner's challenges to the entry of his guilty plea.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands,

United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 31st day of January, 2011.

                                      s/ *THOMAS Q. LANGSTAFF*

                                      **UNITED STATES MAGISTRATE JUDGE**

asb